IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAMAR McCOY,                          :

    Petitioner,                   :

vs.                                   :      CIVIL ACTION 10-0666-CG-M

LOUIS BOYD,                           :

    Respondent.                   :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing Section 2254 Cases. Petitioner has filed a Motion for Stay and Abeyance (Doc. 2). It is recommended that McCoy's Motion be denied and that this action be dismissed, without prejudice, so that Petitioner may pursue available state court remedies.

Petitioner was convicted of rape first degree in the Circuit Court of Monroe County on August 24, 2005 for which he received a sentence of life sentence in the state penitentiary (Doc. 1, pp. 2). Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2254, with this Court on December 1, 2010, raising three different claims which challenge that conviction

and sentence (Doc. 1).

Petitioner states that he has issues raised in this petition which have not been exhausted in the State Courts, so he is seeking stay of this action so that he can pursue his state remedies (Doc. 2). It is unclear to the Court whether McCoy has any actions currently pending in the State Courts (*see* Docs. 1-2).

The Eleventh Circuit Court of Appeals has stated that "[a] federal court will not grant habeas corpus relief to a person held in custody pursuant to a state court judgment unless it appears that the applicant has exhausted remedies available to him in the state courts." *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982) (*citing Bufalino v. Reno*, 613 F.2d 568, 670 (5th Cir. 1980); 28 U.S.C. § 2254(b) (1976)). However, the U.S. Supreme Court, in *Rhines v. Weber*, 544 U.S. 269 (2005), held that a district court has discretion to stay a mixed § 2254 petition so that the petitioner may exhaust his State court remedies. However, *Rhines* held the following:

> [S]tay and abeyance should be available only
> in limited circumstances. Because granting
> a stay effectively excuses a petitioner's
> failure to present his claims first to the
> state courts, stay and abeyance is only
> appropriate when the district court
> determines there was good cause for the
> petitioner's failure to exhaust his claims

> first in state court. Moreover, even if a
> petitioner had good cause for that failure,
> the district court would abuse its
> discretion if it were to grant him a stay
> when his unexhausted claims are plainly
> meritless.

*Rhines*, 544 U.S. at 277.

The information provided by McCoy indicates that he appealed his conviction and sought certiorari in the Alabama Supreme Court, but no relief was granted (Doc. 1, pp. 3-4). Petitioner also sought collateral relief by way of a Rule 32 Petition which was also denied in the State Courts; more than two years have passed since the Rule 32 petition was denied (Doc. 1, p. 4).

The Court notes that a district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

McCoy's arguments for staying this action are that the State did not prove each and every element of the crime for

which he was convicted and that he had ineffective assistance of counsel at both trial and on appeal (Doc. 2, p. 2).  The Court finds that these arguments are claims which should have been discovered with due diligence.  They provide no basis for staying this action as they do not provide for any extraordinary circumstance.

Therefore, it is recommended that Petitioner's Motion Requesting Stay and Abeyance be denied (Doc. 2) and that this action be dismissed, without prejudice, so that Petitioner may exhaust State Court remedies relevant to this action.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.**Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different

time is established by order.  The statement of
objection shall specify those portions of the
recommendation to which objection is made and the
basis for the objection.  The objecting party shall
submit to the district judge, at the time of filing
the objection, a brief setting forth the party's
arguments that the magistrate judge's recommendation
should be reviewed <u>de novo</u> and a different disposition
made.  It is insufficient to submit only a copy of the
original brief submitted to the magistrate judge,
although a copy of the original brief may be submitted
or referred to and incorporated into the brief in
support of the objection.  Failure to submit a brief
in support of the objection may be deemed an
abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Transcript (applicable where proceedings tape recorded)</u>**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 6th day of December, 2010.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE
