IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAMAR McCOY, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-0666-CG-M |
| | ) |
| LOUIS BOYD, | ) |
| | ) |
|     Respondent. | ) |

## ORDER

This matter is before the court on the Objection (Doc. 13) to the Report and Recommendation of the Magistrate Judge. This court previously adopted the Magistrate Judge's Report and Recommendation and entered Judgment after no objection to the Report and Recommendation was filed by the date due. However, because the certificate of service on the objection indicates that the document was placed in the prison mail system the day before the objection was due to be filed, the court will reconsider its previous orders and take the objection into consideration.[1]

The court again finds that petitioner's motion for stay and abeyance is due to be denied, and that the petition is due to be dismissed. Having reviewed petitioner's objections, the court has considered all portions of the file and has made a de novo determination of those portions of the Recommendation to which objection is made. The court adopts the magistrate judge's Report and Recommendation with the following additions.

---

[1] Under the "prison mailbox rule," a pro se prisoner's court filings are considered filed on the date they are delivered to prison authorities to be mailed. Williams v. McNeil, 557 F.3d 1287, 1290 n. 2 (11th Cir.), cert. denied, 129 S.Ct. 2747 (2009). Absent evidence to the contrary, there is a presumption that a prisoner delivered his pleadings to prison officials on "the day he signed it." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir.2001).

1

Petitioner argues that the Report and Recommendation mistakenly identified his Ineffective Assistance of Counsel claim as unexhausted. Petitioner claims that his two unexhausted claims are 1) that he was deprived due process of law and equal protection of law when the trial judge allowed the empanelling of a petit jury that was not administered the oath in accordance with state law, and 2) that he was deprived due process of law and equal protection of the law when he was convicted without the State proving all the elements of the charged offense. He further claims that he did, in fact, exhaust the Ineffective Assistance of Counsel claim. That claim is based on petitioner's contention that his trial counsel's failure to object to the empanelling of the jury without the proper oath, and the failure of the prosecution to prove all elements of the offense, and his appellate counsel's failure to raise these same two issues on appeal, constitute ineffective assistance of counsel both at trial and on appeal. It does appear that petitioner raised an ineffective assistance of counsel claim in his original Rule 32 petition, however, the habeas petition filed in this case makes it clear that the grounds raised for ineffective assistance of counsel in his Rule 32 petition were different from those he now raises. The instant petition identifies the grounds of ineffective assistance of counsel raised in the Rule 32 petition as:

> Ineffective Assistance of Counsel: Because counsel failed to object to trial Judge administering the oath to the petit jury, for failure to obtain exculpatory evidence, and for failure to object to untrue statement made by the trial judge.

(Doc. 1, p.4).

The instant federal habeas petition also makes clear that the

> Ineffective Assistance counsel (sic) claim raised on Direct Appeal or with my original Rule 32 petition did not have the PLAIN ERROR/statutory "oath" violation or the burden of proof/ "IN RE WINSHIP" claim incorporated within It as grounds for the Effective (sic) Assistance of counsel.

(Doc. 1, p.8).

The record thus supports a finding that none of petitioner's current claims have been exhausted, for even though petitioner argues, in his objection, that his ineffective assistance of counsel claim has been exhausted, his petition itself describes that it was not. The habeas statute requires applicants to exhaust all available state law remedies before filing a federal habeas petition. 28 U. S. C. § 2254(b)(1)(A). Therefore, if all claims are unexhausted, the petition is due to be dismissed to allow the state courts the opportunity to address them.

If, in fact, the ineffective assistance of counsel claim <u>has</u> been exhausted, then this presents a mixed petition claim, containing both exhausted and unexhausted claims.

> When a federal habeas petition raises a claim that has not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court," <u>Kelley v. Sec'y for Dep't of Corr.</u>, 377 F.3d 1317, 1351 (11th Cir.2004) (internal quotation marks omitted), or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim, <u>see</u> <u>Rhines v. Weber</u>, 544 U.S. 269, 277-79, 125 S.Ct. 1528, 1535-36, 161 L.Ed.2d 440 (2005).

<u>Ogle v. Johnson</u>, 488 F.3d 1364, 1370 (11th Cir. 2007).

As the Magistrate Judge pointed out in the Report and Recommendation, the <u>Rhines</u> court also held that ". . .stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Rhines v. Weber</u>, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005).

Petitioner has advanced no "good cause" for his failure to exhaust his claims in state court. The alleged errors he now complains of were as plain and obvious at the time they were allegedly committed as they are today, and failure to raise them on appeal or in his state post-conviction

3

proceedings was without good cause. Accordingly, the habeas petition is **DISMISSED** without prejudice.

    **DONE** and **ORDERED** this 2nd day of February, 2011.

                                          /s/   Callie V. S. Granade
                                          UNITED STATES DISTRICT JUDGE